■ In the Matter of S.J., Respondent. LAURENCE GUTTMACHER, M.D., Clinical Director of the Rochester Psychiatric Center, Appellant. [58 NYS3d 764]—

Appeal, by permission of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Vincent M. Dinolfo, J.), entered December 23, 2015 in a proceeding pursuant to CPL 330.20. The order, among other things, denied petitioner's application for a subsequent retention order and directed the immediate release of respondent from custody.

It is hereby ordered that the order so appealed from is unanimously vacated on the law without costs and the matter is remitted to Monroe County Court for a hearing pursuant to CPL 330.20 (9).

Memorandum: In a proceeding pursuant to CPL 330.20, petitioner appeals, by permission of this Court, from an order that, without a hearing, released and discharged respondent, hereafter referred to as defendant (*see* CPL 330.20), from the care and custody of the New York State Office of Mental Health (OMH).

In 2007, after being indicted for assault, defendant entered a plea of not responsible by reason of mental disease or defect

(*see* Penal Law § 40.15), and he was subsequently confined to a secure facility for treatment (*see* CPL 330.20 [1] [c]; [6]). Although originally determined to suffer from a "dangerous mental disorder," defendant progressed in treatment to the point where he was transferred to a nonsecure psychiatric facility. Petitioner nevertheless contends that defendant remains "[m]entally ill" and in need of "care and treatment as a patient, in the in-patient services of a psychiatric center under the jurisdiction of the state office of mental health" (CPL 330.20 [1] [d]). As a result, petitioner commenced this proceeding seeking a "[s]ubsequent retention order" (CPL 330.20 [1] [i]). In support of the application, petitioner submitted, inter alia, an appropriate affidavit from a psychiatric examiner in accordance with CPL 330.20 (20). Defendant demanded a hearing pursuant to CPL 330.20 (9), but he did not submit any affidavits in opposition to the application.

Following a conference, County Court issued a temporary order of retention on consent, which provided defendant with a period of unescorted furloughs (*see* CPL 330.20 [1] [k]). The court otherwise preserved all rights of the parties and stated its intention of "setting a hearing of the [OMH's] application for a [s]ubsequent [r]etention [o]rder pursuant to CPL 330.20." After the expiration of the agreed-upon furlough period, the parties appeared before the court, and the court summarily, i.e., without conducting an evidentiary hearing and over petitioner's objection to that omission, issued a release order that, inter alia, provided for defendant's immediate release, directed that defendant "shall be discharged from further supervision by the Commissioner of Mental Health," and forthwith terminated such supervision. We note at this juncture that, under the circumstances presented, defendant correctly concedes that the provision in the release order discharging him from further supervision by the Commissioner of Mental Health is improper, and we therefore vacate that provision.

Petitioner contends that the court erred in issuing a release order without conducting an evidentiary hearing and in failing to issue an order of conditions therewith (*see* CPL 330.20 [12]). We agree and therefore vacate the remainder of the release order.

Before issuing a release order, the court must conduct a hearing to "determine the defendant's present mental condition" (CPL 330.20 [12]). Here, the undisputed submissions before the court in support of petitioner's application for a subsequent retention order demonstrated that defendant remained "mentally ill" as defined in CPL 330.20 (1) (d) and in need of

in-patient treatment. Nonetheless, without taking any testimony or receiving any evidence, the court issued a release order. That, itself, was error. Moreover, before issuing a release order, the court must "find[ ] that the defendant does not have a dangerous mental disorder and is not mentally ill" (CPL 330.20 [12]; *see Matter of Ramon M.*, 294 AD2d 59, 63 [2002], *lv dismissed* 98 NY2d 727 [2002]). Here, we agree with petitioner that the court further erred in failing to make any finding on that issue.

Even assuming, arguendo, that the release order was properly issued, we further conclude, as petitioner correctly contends, that the court erred in failing to issue therewith an order of conditions which, inter alia, "shall incorporate a written service plan prepared by a psychiatrist familiar with the defendant's case history and approved by the court" (CPL 330.20 [12]).

In light of the foregoing analysis and our vacatur of the release order, we remit the matter to County Court for the requisite hearing pursuant to CPL 330.20 (9). Present—Carni, J.P., Lindley, DeJoseph, Curran and Troutman, JJ.